**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILFREDO HERNANDEZ, : | |
| Plaintiff, : | Civil Action No. 05-2632 (JAG) |
| v. : | |
| ALLA ISOKOVAN, et al., : | **OPINION** |
| Defendants. : | |

**APPEARANCES**:

    WILFREDO HERNANDEZ,#510399, Plaintiff Pro Se
    South Woods State Prison
    215 Burlington Road South
    Bridgeton, New Jersey 08302

**GREENAWAY, JR., District Judge**

    Plaintiff Wilfredo Hernandez, a prisoner incarcerated at South Woods State Prison seeks to file a Complaint in forma pauperis, pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, prison account statement, and the apparent absence of three dismissals within 28 U.S.C. § 1915(g), this Court (1) grants Plaintiff's application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint without pre-payment of the filing fee; (3) assesses a $250.00 filing fee against Plaintiff; (4) directs the New Jersey Department of Corrections ("NJDOC") to deduct an initial partial filing fee from Plaintiff's prison account, when funds exist, and forward same to the Clerk of the Court; and (5) directs the NJDOC to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the total of $250.00 is paid in full. See 28 U.S.C. § 1915(a), (b). This Court has

reviewed the Complaint for sua sponte dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and concludes that dismissal of the Complaint is required.

## I. BACKGROUND

Plaintiff's claims relate to his arrest by the New Brunswick Police Department on April, 3, 2003. The named Defendants are Alla Isokovan and Michelle Isokovan, complaining witnesses, and the New Brunswick Police Department. Plaintiff asserts the following facts, which the Court must accept as true for the purpose of this review. Plaintiff alleges that on March 27, 2003, Alla Isokovan falsely told the police that Plaintiff had sexually assaulted her daughter, Michelle Isokovan. He asserts that on April 3, 2003, the police arrested him in violation of his constitutional rights on a warrant as a result of the false statements made by Michelle and Alla Isokovan. Plaintiff further asserts that his arrest was unconstitutional because he was arrested without an indictment by a grand jury. He seeks compensatory relief for false arrest.

## II. STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee. The PLRA requires the Court to review a prisoner's complaint to identify cognizable claims and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

2

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

"[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Haines, 404 U.S. at 520. At a minimum, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." Neitzke, 490 U.S. at 327. Rather, the Court is "required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Liberally construing Plaintiff's allegations and accepting them as true, the Court reads the instant Complaint as asserting that Plaintiff's arrest was unconstitutional because it was based on a false accusation and not pursuant to an indictment.

3

## III. DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

### A. State Action

Plaintiff asserts that Defendants Alla and Michelle Isokovan falsely told New Brunswick police that he had sexually assaulted Michelle and that he was arrested on a warrant a week later as a result of the false accusation. The problem with this § 1983 claim is that, on the facts alleged in the Complaint, these Defendants were not acting under color of state law. "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal citations omitted).[1] Plaintiff's claims against the Isokovans fail

---

[1] State action exists where the conduct allegedly causing the deprivation of a federal right is "fairly attributable to the State." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982).

because a private person's false statement to the police or in a criminal proceeding is not, without more, state action under § 1983. See Briscoe v. LaHue, 460 U.S. 325, 329-330 (1983); Adickes v. S.H. Kress & Co., 398 U.S. at 152; Cruz v. Donnelly, 727 F.2d 79, 82 (3d Cir. 1989). Under these circumstances, Plaintiff's § 1983 claims are dismissed against Alla and Michelle Isokovan because they were not acting under color of state law when they gave allegedly false statements to police accusing Plaintiff of criminal behavior. See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

B. False Arrest

The Fourth Amendment prohibits a police officer from seizing a citizen except upon probable cause. Albright v. Oliver, 510 U.S. 266, 274-75 (1994); Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995). "To find that there was an unlawful arrest in violation of the Fourth Amendment, the jury need only have found that under the facts and circumstances within [the officer's] knowledge, a reasonable officer could not have believed that an offense had been or was being committed by the person to be arrested." Mosley v. Wilson, 102 F.3d 85, 94-5 (3d Cir. 1996); Orsatti, 71 F.3d at 483.

In this case, Plaintiff asserts that police officers arrested him for sexual assault based on statements given by Alla and Michelle Isokovan that he had sexually assaulted Michelle. Plaintiff maintains that the complaining witnesses' statements to the police were false, and he insists that the arrests therefore violated his constitutional rights. However, this is not a correct statement of federal constitutional law. "The proper inquiry in a section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense."

5

Groman v. Township of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995) (citation omitted). Given this standard, the statements by the Isokovans provided probable cause that Plaintiff had committed a crime.

C. Indictment Clause

Plaintiff asserts that his arrest was unconstitutional because he was not indicted by a grand jury. The Indictment Clause of the Fifth Amendment provides: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger." U.S. CONST. amend. V.

The problem with Plaintiff's claim is that the Fifth Amendment right to an indictment does not apply to state criminal prosecutions. See Apprendi v. New Jersey, 530 U.S. 466, 477 n.3 (2000); Albright v. Oliver, 510 U.S. 266, 272 (1994); Hurtado v. California, 110 U.S. 516 (1884). Because the Due Process Clause of the Fourteenth Amendment has not been construed to incorporate the Fifth Amendment right to indictment by a Grand Jury, id., the legality of an indictment is primarily a matter of state law, see U. S. Wojtycha v. Hopkins, 517 F.2d 420, 425 (3d Cir. 1975).[2] Accordingly, "there is no federal constitutional impediment to dispensing entirely with the grand jury in state prosecutions," Beck v. Washington, 369 U.S. 541, 545 (1962), and "the accused is not 'entitled to [federal] judicial oversight or review of the decision

---

[2] Cf. New Jersey v. Mason, 355 N.J. Super. 296, 299 (App. Div. 2002) (pretrial dismissal of indictment was warranted where it was "factually unsupported either on its face or in the grand jury proceedings"); New Jersey v. Pelham, 353 N.J. Super. 114 (App. Div. 2002) (denial of pretrial motion to dismiss indictment may be raised on direct appeal of conviction).

to prosecute,'" Albright v. Oliver, 510 U.S. 266, 274 (1994) (quoting Gerstein v. Pugh, 420 U.S. 103, 118-119 (1975)).

Without offending the Constitution, State prosecutions may be "instituted on informations filed by the prosecutor, on many occasions without even a prior judicial determination of 'probable cause' - a procedure which has likewise had approval [of the Supreme Court] in such cases as Ocampo v. United States, 234 U.S. 91, 34 S.Ct. 712, 58 L.Ed. 1231 (1914), and Lem Woon v. Oregon, 229 U.S. 586, 33 S.Ct. 783, 57 L.Ed. 1340 (1913)." Beck v. Washington, 369 U.S. at 545; accord Rose v. Mitchell, 443 U.S. 545, 576 (1979) ("[t]here is no constitutional requirement that a state criminal prosecution even be initiated by a grand jury"). This Court shall dismiss the claim challenging the arrest on the ground that there was no indictment.

## IV. CONCLUSION

This Court grants Plaintiff's application to file the Complaint in forma pauperis and dismisses the Complaint for failure to state a claim upon which relief may be granted.

Dated: August 5, 2005

                              S/Joseph A. Greenaway, Jr.
                              JOSEPH A. GREENAWAY, JR., U.S.D.J.